UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                  :

UNITED STATES OF AMERICA,       :

                                :          01 Cr. 782 (GEL)

            -v.-             :

                                :          **OPINION AND ORDER**

FELIX FLORES,                   :

                                :

                        Defendant.    :

                                :
-------------------------------------------------------------x

Carrie H. Cohen, Assistant United States Attorney,
Southern District of New York (Michael J. Garcia,
United States Attorney) New York, New York, for
the United States of America.

Felix Flores, pro se.

GERARD E. LYNCH, District Judge:

      Defendant Felix Flores applies for a reduction in sentence pursuant to 18 U.S.C.

§ 3582(c)(2) in connection with the announcement by the United States Sentencing Commission

("the Commission") that its reduction of the recommended guideline sentences in cases

involving distribution of crack cocaine, see Amendments to the Sentencing Guidelines for

United States Courts, 72 Fed. Reg. 28571-28572 (2007), is to be applied retroactively, see

Sentencing Guidelines for the United States Courts, 73 Fed. Reg. 217-220 (2007). The motion

will be granted, and defendant's sentence reduced to 121 months, the maximum reduction

permitted by the Commission's policy statement and a sentence minimally in excess of the

statutory mandatory minimum sentence of 120 months applicable to his crime of conviction. See

21 U.S.C. § 841(b)(1)(A).

      At the time of defendant's original sentencing, the Probation Department calculated the

applicable guideline range to be 168 to 210 months, based on an offense level of 33 and a

criminal history category III.  (PSR ¶ 70.)  However, at sentencing, the Court concluded that category III overstated defendant's criminal history, and that criminal history category II more accurately reflected defendant's danger to the community and likelihood of recidivism.  See U.S.S.G. § 4A1.3.  (Sentencing Tr. at 16-19.)  The guideline range for offense level 33 and criminal history category II is 151 to 210 months, and the Court accordingly departed downward and sentenced defendant to 151 months.  (Id. at 20.)[1]

Defendant asks that his sentence be reduced to 121 months.  By letter dated July 11, 2008, the Government states that it does not oppose reduction of his sentence to a term of imprisonment of 124 months, representing a ten percent departure from the original guideline range, but argues that a reduction below 124 months is not authorized.  The Government's interpretation of the relevant provisions of law is unduly constricted.

Under 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission has authorized reductions when the guideline range applicable to a defendant has been reduced, and the reduction rendered retroactive by the Commission.  U.S.S.G. § 1B1.10(a).  But even in this situation, unlimited reductions in sentence are not permitted; the intent of the rule is to permit a reduction to the sentence that would have been imposed had the new guideline been in effect at the time of the original sentencing.  Accordingly, in most cases, "the court shall not reduce the defendant's term of imprisonment . . .

---

[1] Defendant was sentenced on August 13, 2002, before the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), at a time when the guidelines were assumed to be mandatory, and a below-guidelines sentence was believed to be authorized only when the standard for a departure under 18 U.S.C. § 3553(b) was met.

to a term that is less than the minimum of the amended guideline range determined" under the newly amended guideline.  U.S.S.G. § 1B1.10(b)(2)(A).

That general formulation, however, would not benefit defendants whose original sentence represented a downward departure from the guideline sentence.  To take account of such cases while still adhering to the principle that judges may not reduce sentences below what the defendant would have received had the amended guideline been in effect all along, § 1B1.10(b)(2)(B) provides that where "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing," the defendant may be eligible for "a reduction *comparably less* than the amended guideline range."  (Emphasis added.)

The Government interprets this language to authorize a reduction from the amended guideline range that is no larger in percentage than the reduction from the initial pre-departure guideline range.  The Government correctly calculates Flores's amended offense level to be 31, which with a criminal history category III results in an amended guideline range of 135 to 168 months.  It then argues that defendant is entitled to no more than a ten percent reduction from the bottom of the amended guideline range, based on the fact that defendant's initial sentence of 151 months was approximately ten percent less than the 168 months that constituted the bottom of defendant's original pre-departure guideline range.  The Government essentially argues that percentage-based reductions are the only type of "comparabl[e]" reduction allowed by § 1B1.10.

The application notes to § 1B1.10 adopt the percentage method as one "example" of a "comparabl[e]" reduction:

> For example, in a case in which: (A) The guideline range
> applicable to the defendant at the time of sentencing was 70 to 87

> months; (B) the defendant's original term of imprisonment
> imposed was 56 months (representing a downward departure of 20
> percent below the minimum term of imprisonment provided by the
> guideline range applicable to the defendant at the time of
> sentencing); and (C) the amended guideline range determined
> under subsection (b)(1) is 57 to 71 months, a reduction to a term of
> imprisonment of 46 months (representing a reduction of
> approximately 20 percent below the minimum term of
> imprisonment provided by the amended guideline range
> determined under subsection (b)(1)) would amount to a
> comparable reduction and may be appropriate.

U.S.S.G. § 1B1.10, Application Note 3. To be sure, the percentage reduction is the only "example" the notes discuss, and, unsurprisingly, numerous courts have explicitly applied percentage-based reductions in sentences. See United States v. Patrick, No. 05 Cr. 119, 2008 WL 2115661, at *3 (E.D. Tenn. May 19, 2008) (28% reduction); United States v. Green, No. 99 Cr. 57, 2008 WL 1757787, at *1 n.1 (S.D. W.Va. April 16, 2008) (50%); United States v. Caldwell, No. 02 Cr. 26, 2008 WL 1443290, at *1 (S.D. W.Va. April 9, 2008) (42.8%); United States v. Nunez, No. 02 Cr. 1327, 2008 WL 974652, at *2 (E.D.N.Y. April 8, 2008) (28%); United States v. Miller, No. 01 Cr. 118, 2008 WL 782566, at *2 (E.D. Tenn. March 21, 2008) (calculating but not awarding defendant full 35% reduction); United States v. Caldwell, No. 02 Cr. 26, 2008 WL 583046, at *1 (S.D. W.Va. Feb. 29, 2008) (42.8%); see also United States v. Donaldson, No. 00 Cr. 37, 2008 WL 818609, at *2 (M.D. Fla. March 25, 2008) (reducing sentence by 46% without explicitly noting that the reduction was percentage-based).

The Note, however, says only that a percentage reduction calculated in this manner "would amount to a comparable reduction." It conspicuously does *not* say that only reductions thus calculated are comparable within the meaning of § 1B1.10(b)(2)(B), nor does it suggest that other ways of calculating a reduction would not be appropriate. The text of § 1B1.10(b)(2)(B)

permits any reduction resulting in a sentence that is "comparably less" than the guideline sentence, meaning a sentence that is below the revised guideline to a degree comparable to the extent to which the original sentence was below the originally applicable guideline. Numerous courts have based their "comparable" reductions not on a given number of months, but on guideline levels or categories. See United States v. Bradley, No. 03 Cr. 65, 2008 WL 2097570, at *1 (S.D. Ind. April 4, 2008) (noting that "[a] sentence three levels below the amended guideline range would be a 'comparable reduction' under section 3582(c)(2) and Application Note 3," because defendant had been given a three-level departure on the basis of his substantial assistance); United States v. Nunn, No. 98 Cr. 2, 2008 WL 2098034, at *2 (S.D. Ind. April 4, 2008) (noting that "a comparable reduction would be . . . two levels below the amended guideline range" where defendant had initially been given a two-level departure on the basis of his substantial assistance); see also United States v. Tynes, 546 F. Supp. 2d 319, 327 n.7 (E.D. Va. 2008) (raising but not deciding whether to reduce a defendant's sentence by a fixed quantity of 5 months rather than by ten percent); cf. United States v. Campbell, No. 03 Cr. 74, 2008 WL 974743, at *1 (E.D. Tenn. April 8, 2008) (noting, after defendant was initially sentenced based on a three-level downward departure, that reducing sentence to 63 months, constituting a 28% comparative reduction, was the "maximum reduction authorized by § 1B1.10(b)(2)" where both the bottom of the amended guideline range incorporating the initial three-level downward departure and the new two-level reduction due to retroactive crack amendments was 63 months).

No appellate courts appear to have addressed the issue, but the Eleventh Circuit appears to have assumed that a reduction in sentence calculated by levels rather than percentages was appropriate in deciding United States v. Vautier, 144 F.3d 756, 761 (11th Cir. 1998). At the

original sentencing in that case, the district court found the defendant responsible for 465 marijuana plants, but ultimately departed downward eight levels on the Government's 5K1.1 motion for substantial assistance. Id. at 758. Two years later, the Sentencing Commission reduced the weight equivalent per marijuana plant from 1,000 grams to 100 grams of marijuana, and made that amendment retroactive. Id. When the district court denied defendant's motion for a reduction in sentence, defendant appealed, arguing, among other things, that the court was obliged to re-apply the downward departure to the newly reduced guideline calculation. The Eleventh Circuit rejected defendant's argument, stating that a "district court, ruling on a defendant's § 3582(c)(2) motion, has the discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline." Id. at 761. However, Vautier did not blink at defendant's assumption that the appropriate potential reduction should have been calculated according to levels, or suggest that only departures calculated on a percentage basis was appropriate.[2]

There is no a priori reason why the "comparability" of a departure should be judged by a percentage rather than by an absolute number of months or a number of levels or categories. The Sentencing Commission could have specified that in the case of a departure, only an identical

---

[2] When Vautier was decided, the text of § 1B1.10 simply provided that a court considering a sentencing adjustment "should consider the term of imprisonment that it would have imposed had the [amended guideline] been in effect at the time the defendant was sentenced." U.S.S.G. § 1.10(b) (1998). An application note indicated that where the original sentence was a downward departure, "a comparable reduction below the amended guideline range may be appropriate." Id. Application Note 3 (1998). No "example" utilizing a percentage method to calculate a "comparable reduction" was included in the notes. The current text and application notes were made effective March 3, 2008, in connection with the retroactive amendment of the crack guidelines.

departure, calculated in a particular manner, would be permitted.  The very notion of a "comparable" reduction implies a degree of flexibility – a range of reductions, and not merely a single value, could fairly be considered "comparably" less than the guideline sentence.  In particular, it is difficult to see how a sentence that is calculated in the same way as the original sentence, and that applies the same methodology to reduce the guideline sentence, could be found not to be "comparably" less than the revised guideline.

The Government's interpretation appears especially arbitrary in this case.  Flores was originally sentenced under a mandatory guideline system.  Under the prevailing understanding of the law at that time, the Court was permitted to depart only under narrow circumstances.  Flores was granted a departure based on a specific guideline provision that recognizes that the Guidelines' criminal history category calculations are imprecise.  See U.S.S.G. § 4A1.3 (Background) ("This policy statement recognizes that the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur.").  In sentencing Flores, the Court specifically determined that Flores's history was more comparable to the typical category II offender than to the typical category III offender, and proceeded to sentence him at the bottom of the range provided for offenders with his offense level in that category.  The sentence was driven by the logic of the guideline.  Because this Court, like the courts in Bradley and Nunn, based its initial departure not on percentages or absolute numbers of months, but on categories or levels, an appropriately comparable departure for Flores is one that adjusts his sentence to one within the range of 121 to 151 months dictated by his amended offense level of 31 and criminal history category II.  Not only is such a sentence one that is "comparable" to his original sentence, but it would in fact appear to represent the *most*

7

comparable reduction, since it is calculated in precisely the same manner as the original sentence and undoubtedly is the sentence that would have been imposed in the first place had the amended guidelines been in effect at that time. In this case, therefore, a sentence of 121 months is clearly authorized by U.S.S.G. § 1B1.10(b)(2)(B).[3]

The Government informs the Court that the defendant does not have any significant disciplinary issues that counsel against granting a sentence reduction. As with many narcotics sentences, the primary purposes to be served by the sentence are deterrence, punishment, and similar treatment of similarly situated offenders, all of which counsel a sentence within the guidelines. The Sentencing Commission has now determined that the higher sentences it once regarded as necessary to accomplish these purposes are not required. On this basis, and on the basis of the Court's independent review of the record, the Court determines that a sentence of 121 months is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Accordingly, it is hereby ORDERED that the defendant's sentence be reduced from 151 months to 121 months.

SO ORDERED.

Dated: New York, New York
July 30, 2008

_____
GERARD E. LYNCH
United States District Judge

---

[3] The Court need not decide whether other methods of adjusting the sentence could also be appropriate. It is sufficient for present purposes that a sentence of 121 months is authorized by the statute and the guideline, and that the Court's authority to reduce the sentence is not, as the Government contends, limited to sentences of 124 months or more.